# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EFREN ABRAHAM LOPEZ,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Respondent.** | **CASE NO. 1:03-CR-05111-AWI**<br><br>**ORDER ON LOPEZ'S MOTION TO CLARIFY JUDGMENT**<br><br>(Doc. Nos. 232, 233, 234) |

On March 9, 2010, Petitioner Efren Abraham Lopez ("Lopez") filed a motion pro se, asking the Court to clarify its original judgment imposed on June 14, 2004, in this case.[1] Lopez pled guilty to a drug charge and the Court adopted the presentencing report, which included a 2 point firearms enhancement. Lopez seeks to have the gun enhancement removed from his sentence. Lopez's motion to "clarify"[2] is actually a challenge to the Court's sentencing, and for the reasons that follow, the Court will deny his motion.

---

[1] Due to administrative error, action was not previously taken on this motion.

[2] Lopez filed three separate documents entitled "Motion to Clarify Movant's Judgment Pursuant to Rule 36." Two of the documents appear to be identical. Cf. Doc. No. 232 (filed March 9, 2010) and Doc. No. 233 (filed March 22, 2010). The third document appears to be a declaration from Lopez with a motion included that is similar to the first two motions that Lopez filed. Doc. No. 234 (filed May 28, 2010). The Court has considered all three filings.

**FACTUAL BACKGROUND**

On June 14, 2004, the Court imposed judgment on Lopez. Doc. No. 163. Lopez pled guilty to one count of the indictment, which was Conspiracy to Manufacture and Distribute Methamphetamine and Aiding and Abetting. Doc. No. 119. As part of the sentencing, the Court reviewed and adopted the presentence report, which included a 2 point firearms enhancement. See June 14, 2004 Reporter's Transcript of Proceedings. The Court sentenced Lopez to a term of 120 months in prison and a term of 60 months of supervised release.[3] Doc. No. 163.

**PETITIONER'S MOTION**

**A. Lopez's Arguments**

Lopez states that on January 8, 2010, he was notified by the prison's Drug Abuse Program Coordinator that he would not qualify for early release under the Drug Abuse Program, due to a firearms enhancement. Lopez maintains that the Court dismissed the 2 point gun enhancement at the sentencing phase held before this Court.[4] Lopez asks the Court to amend the presentencing report and order that the 2 point enhancement should not hinder him from receiving a reduction in his sentence for successfully completing the Residential Drug Abuse Program. Lopez maintains this is a matter of "clerical error."

**B. Legal Standard**

28 U.S.C. § 2255 which provides, in pertinent part[5]: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may

---

[3] The docket reflects that Lopez violated the terms of his supervised release, and on December 7, 2015, his supervised release was revoked and this Court sentenced Lopez to 36 months in custody. See Doc. Nos. 266, 267.

[4] A review of the transcript from the Court's sentencing on June 14, 2004 shows that this argument is incorrect. In fact, the Court expressly adopted the presentencing report at the sentencing, which Lopez does not dispute contains a 2 point firearms enhancement.

[5] Lopez filed his motion under Federal Rules of Criminal Procedure, Rule 36, which provides that: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, Lopez does not seek to correct a clerical error, but actually requests the Court to now amend the presentencing report, which the Court already adopted at sentencing. Therefore, Lopez's motion is properly classified as a motion to set aside or correct the sentence pursuant to 28 U.S.C. § 2255, and the Court will address it as such.

move the court which imposed the sentence to vacate, set aside or correct the sentence." The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). If this criteria is not met, the Court may summarily dismiss the § 2255 petition. See Abatino v. United States, 750 F.2d 1442, 1443-44 (9th Cir. 1985); Baumann, 692 F.2d at 571.

**C. Discussion**

After considering Petitioner's motion, the Court concludes that relief is not warranted. First, Petitioner signed a plea agreement in which he expressly agreed that he would not engage in any post-conviction attack, including through a § 2255 motion. See Doc. No. 119 at ¶ 2(d) ("The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255."). Plea agreements will be enforced as long as they are unambiguous and voluntarily made. See United States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005) overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Petitioner does not address the plea agreement or argue that the agreement was involuntary, and the language of the plea agreement is clear. See Doc. No. 119 at ¶ 2(d). The plea agreement precludes the relief that Petitioner seeks. See Jeronimo, 398 F.3d at 1153-54; Abarca, 985 F.2d at 1014.

Second, there is no indication that Petitioner appealed his sentence and a "petitioner may not collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a

direct appeal." Johnson v. United States, 362 F.3d 636, 638 (9th Cir. 2004). A review of the sentencing transcript shows that there was no challenge to the sentence imposed, and the docket reflects that no appeal was taken.[6]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion (Doc. Nos. 232, 233, 234) is DENIED.

IT IS SO ORDERED.

Dated:   June 29, 2017

_____
SENIOR DISTRICT JUDGE

---

[6] Further, the Court notes that Lopez's motion also appears to be untimely. Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate, set aside, or correct from the time that the conviction becomes final. 28 U.S.C. § 2255(f); United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011). However, even if the 1-year limitations period has run, a petitioner may be entitled to "equitable tolling." Buckles, 647 F.3d at 887. Although § 2255(f)'s 1-year limitations period may be raised *sua sponte*, the court must give the petitioner notice and an opportunity to respond before dismissing the case. See Herbst v. Cook, 260 F.3d 1039, 1043-44 (9th Cir. 2001). Here, since Lopez's motion is already futile pursuant to the discussion in Section C above, any argument from Lopez regarding equitable tolling would not change the Court's denial of this motion.